IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE JAYNE,

      Plaintiff,                    No. CIV S-11-1465 LKK GGH P

   vs.

CITY OF ANDERSON, et al.,         <u>ORDER</u>

      Defendants.

_____ /

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's complaint, filed with the court on March 31, 2011, alleges that, beginning in March 2007, defendants conspired to frame him for illegal possession of firearms and other charges, resulting in his conviction and imprisonment on the basis of these false charges. The court's own records reveal that on November 26, 2007, plaintiff filed a complaint containing similar allegations against defendants Anderson Police Department, Abney, Blunk, and Collier (No. Civ. S-07-2522 LKK KJN, hereinafter "Jayne I")[1], along with other defendants. (See Jayne I, Doc. #135 at 2 (summarizing plaintiff's allegations on summary judgment)). On July 15, 2010, the magistrate judge assigned to that case issued findings and a recommendation that defendants' motion for summary judgment be granted.[2] On August 31, 2010, the district judge adopted the findings and recommendations and entered judgment in favor of defendants. Plaintiff appealed the judgment, and that appeal is now pending. (Id., Doc. #140; see also Doc. #7 at 3 in the instant case). From the filing of the complaint in November 2007 to entry of judgment in August 2010, Jayne I spanned nearly three years and required substantial court resources to resolve on the merits. The undersigned will now determine whether there is anything left to litigate in the instant case that is not precluded by the doctrine of res judicata.

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Defendants Anderson Police Department, Collier, and Blunk filed the motion for summary judgment, all other defendants having been dismissed, either voluntarily by plaintiff or by court order. (Jayne I, Doc. #135 at 1, fn.1.)

1  Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir.1995).  The Supreme Court has noted
2  that "claim preclusion" and "issue preclusion" are referred to collectively as "res judicata."
3  Taylor v. Sturgell, 553 U.S. 880, 128 S.Ct. 2161, 2171 (2008).
4         The doctrine of res judicata is applicable to § 1983 actions. Clark v. Yosemite
5  Community College Dist., 785 F.2d 781, 788 n. 9 (9th Cir. 1986) (noting that there is no
6  exception to the rules of issue and claim preclusion for federal civil rights actions brought under
7  42 U.S.C. § 1983), citing Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 84,
8  104 S.Ct. 892, 898 (1984); Allen v. McCurry, 449 U.S. 90, 97-98, 101 S.Ct. 411 (1980); Piatt v.
9  MacDougall, 773 F.2d 1032, 1034 (9th Cir. 1985) (en banc). Courts have held that habeas
10  proceedings can have preclusive effect in subsequent civil rights actions. See Hawkins v. Risley,
11  984 F.2d 321, 323 (9th Cir. 1993) (per curiam) (holding that a federal habeas decision may have
12  preclusive effect in a subsequent § 1983 action); Silverton v. Dep't of Treasury, 644 F.2d 1341,
13  1347 (9th Cir. 1981) (ruling that state habeas proceedings can have issue or claim preclusive
14  effect in subsequent § 1983 actions).
15         Under the doctrine of claim preclusion, a final judgment forecloses "successive
16  litigation of the very same claim, whether or not relitigation of the claim raises the same issues as
17  the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808 (2001).  Issue
18  preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and
19  resolved in a valid court determination essential to the prior judgment," even if the issue recurs in
20  the context of a different claim. Id., at 748-749, 532 U.S. 742, 121 S.Ct. 1808.
21         A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct
22  not alleged in the prior action, by pleading a new legal theory, or by seeking a different remedy
23  for violation of the same primary right. McClain v. Apodaca, 793 F.2d 1031, 1033-34 (9th
24  Cir.1986). Cf. Hiser v. Franklin, 94 F.3d, 1287, 1291(1996) (the prisoner's claims were not
25  precluded because they did not accrue until two years after the settlement agreement that
26  concluded a prior class action).  Claim preclusion applies where a § 1983 action implicates the

same "primary rights" as those raised in a prior proceeding. Clark, 785 F.2d at 786. The focus is on the legal harm for which the plaintiff seeks redress in his second action. McClain, 793 F.2d at 1034.

By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S.Ct. 970 (1979).

The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve the same cause of action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co., 832 F.2d 1097, 1100 (9th Cir.1987); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982); Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.1980) (per curiam). The fourth of these factors has been cited by some courts as the most important.  See Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005), citing Costantini, 681 F.2d at 1201-02; see also, C.D. Anderson & Co., 832 F.2d at 1100. However, "[n]o single criterion can decide every res judicata question; identity of causes of action 'cannot be determined precisely by mechanistic application of a simple test.' " Costantini, 681 F.2d at 1202 n. 7 (quoting Abramson v. Univ. of Haw., 594 F.2d 202, 206 (9th Cir. 1979)). "'The crucial element underlying all of the standards is the factual predicate of the several

claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action.' " Harris, 621 F.2d at 343 (quoting Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977)).

Here, plaintiff's allegations against defendants Anderson Police Department, Abney, Blunk, and Collier arise from the same transactional nucleus of facts as in Jayne I, where plaintiff alleged that in March 2007 these same defendants violated his Fourth Amendment rights as follows:

> The Anderson Police then maliciously contacted Parole Agent Randy Abney knowingly bypassing [plaintiff's] assigned Parole Agent so Randy Abney could go after the plaintiff. Anderson Police officers Blunk, Collier and Dispatch coerced [complaining witness] Miss Kessler into saying the plaintiff held her against her will for 6 hours. Then these officers illegally sent [an] exigent circumstance request/demand to the plaintiff's cell phone provider saying he was wanted for kidnapping and to provide his cell records and G.P.S. location without a warrant or real cause.

(Jayne I, Doc. #135 at 2.) Plaintiff could not prevail on his claims against these same defendants in the instant action without destroying or impairing the judgment in favor of defendants in Jayne I. Thus, the undersigned will recommend that plaintiff's claims against these defendants be dismissed under the doctrine of res judicata.

The remaining numerous other defendants in the instant case were not named as defendants in Jayne I, but figured in plaintiff's factual allegations in that case and were involved in the same transactional nucleus of facts. A sub doctrine of collateral estoppel goes under the name of "non-mutual defensive collateral estoppel." This doctrine applies in favor of a defendant in a second action, not named in the first, but who is so closely connected to the events at issue that it would be unfair to allow plaintiff to have a second bite at the apple. This applies whether or not the second defendant was in "privity" with the first. See Park Lane Hosiery v. Shore, 439 U.S. 322, 328, 99 S.Ct. 645, 650 (1979): "Permitting repeated litigation of the same issue as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or 'a lack of discipline and of disinterestedness on the part of the lower courts,

hardly a worthy or wise basis for fashioning rules of procedure.'" A good example of the application of non-mutual defensive collateral estoppel appears in the case of Masson v. New Yorker Magazine, 85 F.3d 1394, 1400 (9th Cir 1996).

     The magistrate judge's findings on summary judgment in Jayne I recount plaintiff's allegations concerning instant defendants Kirvin (Jayne I, Doc. #135 at 25) and Van Dyke (id. at 9-10), law enforcement officers allegedly involved in the events leading to plaintiff's arrest and conviction on false charges. In Jayne I, plaintiff also made numerous allegations concerning instant defendant Kessler, a complaining witness allegedly involved in the conspiracy to frame plaintiff. (Id. at 5-14.) Instant defendant FBI agent Mike Skeen also allegedly played a role in the events leading to plaintiff's arrest and conviction in Jayne I. (Id. at 13, fn. 28.) Instant defendant City of Anderson, plaintiff alleges in the instant action, has "direct authority of being responsible for the Anderson Police Department," and thus could have been named as a defendant in Jayne I in connection with the APD's allegedly wrongful acts. Indeed, plaintiff might have named any of these defendants in Jayne I, given their connection to the wrongs he allegedly suffered and which formed the factual basis of his complaint.[3] That case having been resolved, plaintiff does not get "another bite at the apple" as to various players in the events of March 2007 whom he did not choose to name as defendants in Jayne I. The court will recommend that plaintiff's claims against the remaining defendants also be dismissed under the doctrine of res judicata.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1. Plaintiff's request for leave to proceed in forma pauperis is granted.

     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

---

[3] This is not to say that each of these necessarily would have been a proper defendant in Jayne I. Defendant Kessler, for example, is alleged to be a private citizen and not a state actor as required for suit under § 1983. However, whether or not these were proper defendants in connection with the alleged events could have been sorted out in Jayne I, as with other named defendants in that case.

7

1 The fee shall be collected and paid in accordance with this court's order to the Director of the
2 California Department of Corrections and Rehabilitation filed concurrently herewith.

3     3. Plaintiff's complaint is dismissed with leave to amend.  However, in amending,
4 plaintiff should be guided by this order in that persons/entities sued in the previous action should
5 not be named as defendants.  Nor should plaintiff allege against defendants newly named in this
6 action any claims that were raised in the pervious action, or whose factual allegations were
7 directly related to claims in that action.

8     Plaintiff must file an amended complaint within 30 days of the filed date of this
9 order.  The amended complaint shall be legibly presented.  Failure to file an amended complaint
10 may result in the entire action being dismissed.

11 DATED: August 24, 2011

12     /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE
13

jayn1465.B.nf
14 ggh:14