IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE JAYNE

Plaintiff, No. CIV S-11-1465 LKK GGH P

vs.

CITY OF ANDERSON, et al.,

Defendants. ORDER

_________________________________/

On September 15, 2011, plaintiff filed "Objections to Magistrate Judges Order Directing Plaintiff to Amend His Complaint on Res Judicata Grounds." The court construes the objections as a request for reconsideration of the magistrate judge's order filed August 24, 2011, which dismissed plaintiff's complaint seeking relief under 28 U.S.C. § 1983 and granted plaintiff leave to file an amended complaint within thirty days.

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court finds that the magistrate's judge's ruling was contrary to law.

The magistrate judge dismissed plaintiff's complaint with leave to amend, but cautioned plaintiff that "persons/entities sued in the previous action should not be named as defendants. Nor should plaintiff allege against any defendants newly named in this action any claims that

were raised in the previous action, or whose factual allegations were directly related to claims in that action." Order, August 24, 2011, ECF No. 9. The magistrate judge held that some of plaintiff's claims were barred by res judicata because plaintiff had previously filed a § 1983 action against some of the same defendants, which was disposed of on summary judgment in favor of defendants. In that action, plaintiff alleged that the defendants had performed a warrantless search of his cell phone records and had coerced a witness into making a statement.

Following the allegedly warrantless search, plaintiff was arrested and convicted on firearms charges. According to plaintiff, his conviction was vacated in 2009.

The court finds that plaintiff may, in his amended complaint, include persons or entities sued in the previous action for claims that could not have been brought in the previous action. Specifically, plaintiff's current action includes a § 1983 claim for false arrest and malicious prosecution. Plaintiff could not have brought that claim in the previous action because his conviction had not yet been vacated. Heck v. Humphrey, 512 U.S. 477, 484 (1994). Res judicata does not bar this claim, even against defendants named in the previous complaint. According to plaintiff, his conviction was overturned in February 2011.

The court agrees with the magistrate judge's conclusion that plaintiff may not allege against any defendants newly named in this action any claims that were raised in the previous action or whose factual allegations were directly related to claims in that action.

Therefore, IT IS HEREBY ORDERED that:

(1) upon reconsideration, the magistrates order of August 24, 2011 is vacated.

(2) plaintiff is granted twenty-eight (28) days from the date of this order in which to file his amended complaint. In amending his complaint, plaintiff should not allege against any defendants any claims that were raised in the previous action, or whose factual allegations were directly related to claims in that action.

DATED: November 17, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT